UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JORDANY CLERSAINT, individually and on behalf of others similarly situated, | Complaint - Class Action |
| Plaintiff, | Jury Trial Demanded |
| vs. | Civil Case No.: |
| ROLLED ALLOYS, INC., | |
| Defendant. | |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Jordany Clersaint, individually and on behalf of all others similarly situated, by and through his attorneys, Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendant Rolled Alloys, Inc., and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiff Jordany Clersaint ("Plaintiff") brings this action individually and on behalf of all other similarly situated hourly-paid employees to recover unpaid wages, overtime compensation, liquidated damages, interest, and reasonable attorneys' fees and costs as a result of Defendant Rolled Alloys, Inc.'s ("Rolled Alloys" or "Defendant") willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §§ 31-58, 31-76b, 31-76(c), 31-68, as well as the Connecticut Wage Payment Law ("CWPL"), Conn. Gen. Stat. §§ 31-71(a), 31-71(b), and 31-72.

2. Defendant Rolled Alloys, Inc. is a corporation headquartered at 6630 Monclova Road, Maumee, Ohio 43537, and operates facilities in the United States, including the Windsor, Connecticut location, where Plaintiff and other hourly employees worked.

3. Plaintiff and the putative FLSA collective and Rule 23 class members are current and former hourly-paid employees employed by Defendant in the United States and in Connecticut, respectively, within the last three (3) years, who were deprived of legally mandated wages as a result of Defendant's unlawful policies and practices, including but not limited to:

a. Failing to pay hourly employees for all compensable hours worked, including hours worked in excess of forty (40) in a workweek, including time spent attending mandatory work meetings during scheduled lunch periods, for which Defendant automatically deducted a 30-minute meal break regardless of whether a *bona fide* meal period was provided, in violation of federal and Connecticut law;

b. Failing to include non-discretionary bonuses in the calculation of the regular rate for overtime purposes, as required by the FLSA and Connecticut law; and

c. Failing to pay all wages due, including overtime, in violation of the CWPL.

4. As a result of these policies and practices, Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including hours worked in excess of forty (40) in a workweek, and failed to pay them at the legally required overtime rate, in violation of the FLSA, the CMWA, and the CWPL.

5. Plaintiff asserts the FLSA claims individually and on behalf of a putative "FLSA Collective," defined as:

*All hourly-paid employees of Defendant in the United States at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

6. Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective members informing them of their rights to assert FLSA claims in this collective action by filing consent forms.

7. Plaintiff also asserts claims under the CMWA and CWPL individually and on behalf of a putative "Rule 23 Class," defined as:

*All hourly-paid employees of Defendant in the State of Connecticut at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

8. Defendant has willfully and intentionally committed widespread violations of the

2

above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

10. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that a suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

12. The Court has general personal jurisdiction over Defendant Rolled Alloys, Inc. because, at all relevant times, Defendant is registered to do business in Ohio, conducts business in this state, and resides in this state. Defendant maintains its corporate headquarters in Ohio.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because the Northern District of Ohio is the judicial district in which Defendant resides, and Defendant's principal place of business is in this District.

## PARTIES

14. Defendant Rolled Alloys, Inc. is a corporation with its headquarters and principal place of business located at 6630 Monclova Road, Maumee, Ohio 43537.

15. Plaintiff Jordany Clersaint ("Clersaint") is a resident of Hartford County, Connecticut.

16. Clersaint was employed by Defendant as an hourly-paid employee at Defendant's

3

facility located at 16 Shay Street, Windsor, Connecticut 06095, from approximately May 9, 2022, through April 10, 2025.

17. During his employment, Clersaint worked for Defendant as an hourly-paid Warehouse Lead and performed work at Defendant's Windsor, Connecticut facility.

18. Defendant suffered and permitted Plaintiff to work over forty (40) hours in most weeks throughout his employment.

19. Clersaint received his wages from Defendant Rolled Alloys, Inc.

20. Clersaint's written consent to become an FLSA party plaintiff is attached hereto as Exhibit 1.

**FACTUAL ALLEGATIONS[1]**

21. Defendant Rolled Alloys, Inc. ("Defendant") is a corporation headquartered at 6630 Monclova Road, Maumee, Ohio 43537, with its principal place of business at the same address. Defendant's President, Treasurer, and a Director maintain their offices at Defendant's Maumee, Ohio facility.

22. Defendant operates facilities, including a warehouse located at 16 Shay Street, Windsor, Connecticut 06095, where it employs hourly-paid workers in positions such as Warehouse Leads and other hourly warehouse employees.

23. Defendant operates an enterprise engaged in commerce or in the production of goods for commerce, as defined under the FLSA, with annual gross volume of sales made or business done in excess of $500,000.

24. Defendant employs two or more employees engaged in commerce or in the

---

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of three years prior to the filing of this Complaint through the present.

4

production of goods for commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

25. Defendant is the "employer" of hourly-paid employees within the meaning of the FLSA and Connecticut wage and hour laws.

26. Hourly-paid employees are "employees" of Defendant within the meaning of the FLSA and Connecticut law.

27. Defendant typically suffers and permits hourly-paid employees to work more than forty (40) hours per week.

28. Defendant employs hourly-paid workers, including but not limited to Warehouse Leads and other hourly warehouse employees, who are required to attend mandatory work meetings and are subject to Defendant's timekeeping and pay practices as described herein.

29. Defendant requires hourly-paid employees to record their time by clocking in and out using an electronic timekeeping system.

30. However, Defendant maintains a policy and practice of automatically deducting 30 minutes per day from each hourly employee's recorded work time for a purported meal break, regardless of whether a *bona fide* meal period is actually taken.

31. Plaintiff and other hourly-paid employees are regularly required to attend mandatory work meetings, including Quality Assurance ("QA") meetings, during their scheduled lunch periods.

32. During these meetings, employees are not permitted to clock out, are required to remain on duty, and are expected to participate in work-related discussions and activities.

33. During these meetings, employees are not relieved of all duties and are required to remain engaged in work matters throughout the meeting.

34. Despite requiring hourly-paid employees to work through their scheduled lunch periods during mandatory meetings, Defendant automatically deducts 30 minutes from each employee's daily hours worked as a meal break, even when no *bona fide* meal period is provided.

35. This practice results in Plaintiff and similarly situated employees not being paid for all compensable hours worked, including hours worked over forty (40) in a workweek.

36. Defendant's own management and Human Resources personnel have confirmed this practice. For example, on March 27, 2025, Plaintiff emailed his manager, Stephan Clay, to inquire about being charged a 30-minute lunch deduction on days when he attended QA meetings during lunch without clocking out. Clay responded, confirming that this was the standard practice. Plaintiff then escalated the issue to Defendant's HR Director, Donald Golis, who also confirmed that "Steph automatically deducts 30 minutes from each employee."

37. As a result of Defendant's automatic deduction policy and practice of requiring employees to work through lunch meetings, Plaintiff and similarly situated employees routinely worked uncompensated time during their scheduled meal periods.

38. Defendant's failure to count all compensable time worked, including time spent in mandatory lunch meetings, resulted in Plaintiff and similarly situated employees not being paid overtime wages at one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek, as required by the FLSA and Connecticut law.

39. Defendant also pays hourly employees additional forms of compensation, including non-discretionary bonuses. These forms of compensation are not excludable from the regular rate of pay under the FLSA or Connecticut law and must be included in the calculation of overtime rates.

40. Defendant fails to include all such non-discretionary bonuses in the regular rate of

pay used to calculate overtime compensation for Plaintiff and similarly situated employees, resulting in underpayment of overtime wages.

41. Defendant's policies and practices described above, including the automatic deduction of meal periods during mandatory work meetings and failure to include all forms of compensation in the regular rate for overtime, apply to Plaintiff and all similarly situated hourly-paid employees employed by Defendant during the relevant time period.

42. Plaintiff made internal complaints to Defendant's management and Human Resources regarding the practice of automatically deducting 30 minutes for lunch during mandatory work meetings, despite not being relieved of all duties. Defendant received these complaints but failed to remedy the unlawful pay practices.

43. As a result of Defendant's unlawful pay and timekeeping policies and practices, there have been many weeks within the three years preceding the filing of this Complaint in which Defendant failed to pay Plaintiff and similarly situated hourly-paid employees for all hours worked and failed to pay them time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violation of the FLSA and Connecticut law.

44. Defendant's wrongful acts and omissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff re-alleges and incorporates all previous paragraphs herein.

46. Plaintiff brings this action pursuant to Section 216(b) of the FLSA as an opt-in collective action on behalf of all similarly situated hourly-paid employees who have been affected

by Defendant's common unlawful policies and practices, including failing to pay overtime compensation and failing to pay for all hours worked, in violation of the FLSA.

47. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of the FLSA Collective, as defined above.

48. As a result of Defendant's unlawful policies and practices, there were many weeks in which Defendant failed to compensate members of the FLSA Collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek, as required by the FLSA. Defendant also failed to pay the FLSA Collective for all compensable hours worked, including but not limited to:

    a. Time spent attending mandatory work meetings during scheduled meal periods for which a 30-minute automatic deduction was taken, even though employees were not relieved of all duties; and

    b. All overtime compensation due at the correct regular rate, as required by law.

49. Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, unpaid wages for all hours worked, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

50. The collective action further alleges that Defendant's violations of the FLSA were willful, and Plaintiff seeks an additional third year of limitations for the FLSA Collective.

51. Plaintiff seeks to send notice to all current and former hourly-paid employees of Defendant informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

52. Certification of this collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The FLSA Collective is similarly situated because they were subject to the same or similar unlawful

policies and practices as described herein, including but not limited to the automatic deduction of meal periods during which employees were not relieved of duty, failure to pay for all compensable work time, failure to pay overtime for all hours worked over forty (40) in a workweek, and failure to include all required forms of compensation in the regular rate for overtime purposes. Their claims are based upon the same factual and legal theories.

53. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that has often been prosecuted on a collective basis, and the manner of identifying the FLSA Collective and providing any monetary relief to it can be effectuated from a review of Defendant's payroll and personnel records.

54. Plaintiff and the putative FLSA Collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

55. Plaintiff re-alleges and incorporates all previous paragraphs herein.

56. Plaintiff seeks to maintain this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, as an opt-out class action, on behalf of all hourly-paid employees who have been affected by Defendant's common unlawful policies and practices, including failing to pay all straight time and overtime compensation, in violation of the CMWA and CWPL.

57. Plaintiff brings this Rule 23 class action on behalf of the Rule 23 Class, as defined above.

58. Plaintiff brings this Rule 23 class action against Defendant to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to Conn. Gen. Stat. §§ 31-58, 31-76b, 31-76(c), 31-68, 31-71(a), 31-71(b), and 31-72.

59. The members of the Rule 23 Class are so numerous that joinder of all class members

in this case would be impractical. Plaintiff reasonably estimates that there is a substantial number of class members. The Rule 23 Class members should be readily identifiable from Defendant's payroll and personnel records.

60. There is a well-defined community of interest among the Rule 23 Class members, and common questions of law and fact predominate in this action over any questions affecting only individual class members.

61. These common questions include, but are not limited to:

    a. Whether Defendant failed to pay Plaintiff and the Rule 23 Class for all hours worked, including time spent attending mandatory work meetings during scheduled meal periods for which a 30-minute automatic deduction was taken, even though employees were not relieved of all duties;

    b. Whether Defendant failed to pay Plaintiff and the Rule 23 Class overtime compensation for all hours worked over forty (40) in a workweek, including unpaid meeting time;

    c. Whether Defendant failed to include all non-discretionary bonuses in the regular rate of pay for purposes of calculating overtime compensation for Plaintiff and the Rule 23 Class;

    d. Whether Defendant's conduct violated the CMWA and CWPL;

    e. Whether Plaintiff and the Rule 23 Class have suffered damages and, if so, in what amount;

    f. Whether Plaintiff and the Rule 23 Class are entitled to liquidated damages and reasonable attorneys' fees and costs under Connecticut law.

62. Plaintiff's claims are typical of those of the Rule 23 Class members in that Plaintiff and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All class members were subject to the same corporate practices of Defendant, including the failure to pay for all compensable work time, failure to pay overtime for all hours worked over forty (40) in a workweek, and failure to pay all

wages due.

63. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, the automatic deduction of meal periods during mandatory meetings and improper calculation of overtime. Thus, there are common questions of law and fact that are applicable to each and every one of the class members.

64. Plaintiff will fairly and adequately protect the interests of the Rule 23 Class and has retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

65. Defendant's company-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claims arise from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

66. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. The Rule 23 Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that would occur if these claims were brought individually. Additionally, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Rule 23 Class members to bring individual claims.

67. The presentation of separate actions by individual Rule 23 Class members could

create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Rule 23 Class to protect his or her interests.

68. Plaintiff and the Rule 23 Class members demand a trial by jury.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME WAGES
### (Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))

69. Plaintiff re-alleges and incorporates all previous paragraphs herein.

70. The FLSA requires employers to pay non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. *See* 29 U.S.C. § 207(a)(1).

71. At all relevant times, Defendant Rolled Alloys, Inc. was an employer of Plaintiff Jordany Clersaint and the FLSA Collective members within the meaning of the FLSA.

72. Plaintiff and the FLSA Collective members regularly worked over forty (40) hours per week for Defendant.

73. Defendant maintained and enforced policies and practices whereby Plaintiff and the FLSA Collective members were required to attend mandatory work meetings during their scheduled lunch periods, and yet had 30 minutes automatically deducted from their work hours for a purported meal break. As a result, Plaintiff and the FLSA Collective members were not paid for all compensable hours worked.

74. In many workweeks, Plaintiff and the FLSA Collective members worked in excess of forty (40) hours, but Defendant failed to pay them overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

75. Defendant further failed to include all non-discretionary bonuses paid to Plaintiff and the FLSA Collective members in the calculation of each employee's regular rate for purposes of the overtime pay he or she received, as required by 29 U.S.C. § 207(e) and 29 C.F.R. § 778.208.

76. Defendant's conduct and practices described herein were willful, intentional, unreasonable, arbitrary, and in bad faith. They were not the result of good faith or reasonable grounds for believing its actions complied with the FLSA.

77. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255(a).

78. As a result of Defendant's unlawful policies and practices, Plaintiff and the FLSA Collective members were deprived of overtime wages and other compensation earned, in such amounts to be determined at trial, and are entitled to recover unpaid overtime wages for all hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked up to forty (40) in all weeks for which overtime wages are owed, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### COUNT II
### CONNECTICUT MINIMUM WAGE ACT
### Conn. Gen. Stat. §§ 31-58, 31-76b, 31-76(c), 31-68
### FAILURE TO PAY OVERTIME COMPENSATION
### (Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)

79. Plaintiff re-alleges and incorporates all previous paragraphs herein.

80. Defendant was an "employer" of Plaintiff and the Rule 23 Class members within the meaning of the CMWA, Conn. Gen. Stat. §§ 31-58, 31-76b.

81. The CMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours in any one workweek. Conn. Gen. Stat. § 31-76(c).

82. Plaintiff and the Rule 23 Class members regularly worked over forty (40) hours per week for Defendant.

83. Defendant maintained and enforced policies and practices whereby Plaintiff and the Rule 23 Class members were required to attend mandatory work meetings during their scheduled lunch periods, and yet had 30 minutes automatically deducted from their work hours for a purported meal break. As a result, Plaintiff and the Rule 23 Class members were not paid for all compensable hours worked.

84. In many workweeks, Plaintiff and the Rule 23 Class members worked in excess of forty (40) hours. Still, Defendant failed to pay them overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

85. Defendant further failed to include all non-discretionary bonuses paid to Plaintiff and the Rule 23 Class members in the calculation of each employee's regular rate for purposes of the overtime pay he or she received, as required by Conn. Gen. Stat. § 31-76b(9).

86. Defendant's violations of the CMWA were willful.

87. Pursuant to Conn. Gen. Stat. § 31-68, Defendant is liable to Plaintiff and the Rule 23 Class members for unpaid overtime wages, an amount equal to twice the unpaid overtime wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT III**
**CONNECTICUT WAGE PAYMENT LAW**
**Conn. Gen. Stat. §§ 31-71(a), 31-71(b), 31-72**
**FAILURE TO PAY ALL WAGES EARNED**
**(Brought Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23)**

88. Plaintiff re-alleges and incorporates all previous paragraphs herein.

89. Defendant was an "employer" of Plaintiff and the Rule 23 Class members within

the meaning of Conn. Gen. Stat. § 31-71(a)(1).

90. The CWPL requires employers to pay all wages due to employees, including compensation for labor or services rendered, on a weekly basis. Conn. Gen. Stat. §§ 31-71(a)(3), 31-71(b).

91. Defendant failed to pay Plaintiff and the Rule 23 Class members all wages due for all hours worked, including unpaid compensable time during mandatory lunch meetings.

92. Defendant's violations of the CWPL were willful.

93. Pursuant to Conn. Gen. Stat. § 31-72, Defendant is liable to Plaintiff and the Rule 23 Class members for all unpaid wages, an amount equal to twice the amount of unpaid wages as liquidated damages, reasonable attorneys' fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Jordany Clersaint, on behalf of himself and all others similarly situated, respectfully requests that this Court grant the following relief against Defendant Rolled Alloys, Inc.:

A. A declaratory judgment that Defendant's wage and hour practices alleged herein violate the overtime provisions of the FLSA, 29 U.S.C. § 201, *et seq*.;

B. A declaratory judgment that Defendant's wage and hour practices alleged herein violate the CMWA, Conn. Gen. Stat. §§ 31-58, 31-76b, 31-76(c), and 31-68;

C. A declaratory judgment that Defendant's wage and hour practices alleged herein violate the CWPL, Conn. Gen. Stat. §§ 31-71(a), 31-71(b), and 31-72;

D. An Order for injunctive relief requiring Defendant to comply with the FLSA and Connecticut wage and hour laws, and to cease all unlawful wage and hour practices alleged herein;

E. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

F. Certifying this action as a class action pursuant to Fed. R. Civ. P. 23 with respect to the Connecticut state law claims set forth herein;

G. Ordering Defendant to disclose in computer format, or in print if no computer-readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment, and locations of employment of all FLSA collective and Rule 23 class members;

H. Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective and Rule 23 class members of their rights by law to join and participate in this lawsuit;

I. Designating Plaintiff Jordany Clersaint as the representative of the FLSA collective and Rule 23 Class in this action;

J. Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

K. Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA;

L. Judgment for damages for all unpaid overtime wages and an amount equal to double damages, as well as pre- and post-judgment interest, to which Plaintiff and the Rule 23 Class members are lawfully entitled under the CMWA;

M. Judgment for damages for all unpaid wages, including overtime wages, double damages, and pre- and post-judgment interest to which Plaintiff and the Rule 23 Class members

are lawfully entitled under the CWPL;

    N.    An incentive award for Plaintiff Jordany Clersaint for serving as representative of the FLSA collective and Rule 23 Class in this action;

    O.    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and Connecticut wage and hour laws;

    P.    Judgment for any and all civil penalties to which Plaintiff, the FLSA collective, and Rule 23 Class members may be entitled;

    Q.    Such other and further relief as this Court may deem necessary, just, and proper.

## JURY DEMAND

Plaintiff, Jordany Clersaint, individually and on behalf of all other FLSA collective and Rule 23 Class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: December 3, 2025

Respectfully Submitted,

By:   /s Jason T. Brown
Jason T. Brown (N.D. Oh. Bar # 35921996)
Nicholas Conlon (to seek PHV)
Michael Rinderman (to seek PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
michael.rinderman@jtblawgroup.com

*Lead Counsel for Plaintiff*